IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Michael Derrick Simmons, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 0:11-cv-02542-JMC |
| | ) | |
| T. Robertson, Officer; | ) | |
| D. Haronff, Officer for SCDC; | ) | **ORDER AND OPINION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 7] filed on October 5, 2011, regarding Plaintiff Michael Derrick Simmons's ("Plaintiff") claims brought pursuant to 42 U.S.C. § 1983. Plaintiff, proceeding *pro se* and *in forma pauperis*, was previously incarcerated at South Carolina Department of Corrections' ("SCDC") Perry Correctional Institution ("PCI") where the actions that led to this complaint occurred. Plaintiff seeks monetary relief in the amount of $250,000 from each Defendant Robertson and Defendant Haronff, who he alleges took his food tray away because Plaintiff's hair was not in compliance with the grooming policy at PCI and who subsequently forced Plaintiff to get a haircut in violation of his civil rights. Plaintiff also asserts a claim that he has not been validly convicted. The Magistrate Judge recommends that this court dismiss the complaint without prejudice and without issuance and service of process. The Report sets forth in detail the procedural history, the relevant facts and the legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is

not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Plaintiff timely filed an objection [Dkt. No. 9] to the Magistrate Judge's Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court discerns two specific objections to the Magistrate Judge's Report. First, Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to exhaust his administrative remedies before seeking section 1983 relief in federal court as required by Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).  The Magistrate Judge found that Plaintiff's complaint clearly states that he did not file a grievance.  Further, Plaintiff's complaint also states that he has not received a final agency determination on his grievance.  When the lack of exhaustion is apparent from the face of the prisoner's complaint, the court may *sua sponte* dismiss the complaint prior to service of the complaint.  *See Jones v. Bock*, 549 U.S. 199 (2007). Plaintiff asserts that he has, in fact, exhausted his administrative remedies pointing to the

"Request to Staff Member," SCDC form 19-11 [Dkt. No. 1-1] attached with his Complaint in which he contacted the director of the facility, Jon Ozmint, with his claims of being illegally incarcerated.  An SCDC attorney responded noting Plaintiff's failure to provide any evidence that he was being held wrongfully and informing Plaintiff that until SCDC received such information, his sentence would remain valid.  According to the SCDC Inmate Grievance Policy issued September 1, 2009, the "Request to Staff Member," SCDC form 19-11 does not initiate a Grievance Process, but is merely used to ask questions about the Grievance Process.  Moreover, the SCDC Inmate Grievance Policy makes clear that state and federal court decisions, which would include inmate sentences, are outside the control of the SCDC and are therefore Non-Grievable issues.  As a result, Plaintiff's objection on the exhaustion issue fails.

Plaintiff also refuses to acknowledge that he is a lawful prisoner of the SCDC, alleging instead that he is being held hostage by the State.  Plaintiff's argument on this point references another case that Plaintiff has pending before this court, *Simmons v. Stillwell*, C/A 6:11-01615-JMC-PJG.  *See* Report and Recommendation [Dkt. No. 9 in C/A 6:11-01615-JMC-PJG]. Plaintiff argues that he has filed a Motion to Set Aside Judgment with the Greenville County Clerk of Court and that the Greenville Solicitor's failure to file a "rebuttal" to that document amounts to an admission by the Solicitor that Plaintiff is being held hostage by the State of South Carolina. *Id.* In the instant case, Plaintiff argues that this tacit admission by the Solicitor creates a contract by which the parties agree that Plaintiff is not legitimately incarcerated.  As a result, Plaintiff argues that he is not a lawful prisoner and therefore, he does not have to satisfy the exhaustion requirement before filing a section 1983 claim.  He believes instead that he may proceed as any normal citizen who claims a violation of their civil rights by a person acting under the color of state law.

There is no merit to Plaintiff's claim that he is not lawfully imprisoned by the SCDC. There is no evidence before the court indicating that Plaintiff's sentence has been overturned or deemed illegal other than Plaintiff's illegitimate interpretation of contract law. To the extent Plaintiff's objections in this case are offered as a challenge to the legitimacy of his conviction, the Magistrate Judge correctly determined that such a claim is not cognizable under a section 1983 claim. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court **ACCEPTS** the Report and Recommendation [Dkt. No. 7] and incorporates it herein. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 4, 2012
Greenville, South Carolina